2014 UT App 103

**Alapati Paul SCHWENKE, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20140192–CA.

Court of Appeals of Utah.

May 8, 2014.

Alapati Paul Schwenke, Appellant Pro Se.

Before Judges GREGORY K. ORME, STEPHEN L. ROTH, and MICHELE M. CHRISTIANSEN.

Decision

PER CURIAM:

¶ 1 Alapati Paul Schwenke appeals the dismissal of his petition for post-conviction relief. This matter is before the court on a sua sponte motion for summary disposition. We reverse and remand.

¶ 2 Schwenke was convicted of securities fraud in 2005. In the intervening years Schwenke filed a direct appeal of his conviction and various petitions for post-conviction relief. On September 9, 2013, Schwenke filed his most recent petition for post-conviction relief. The district court dismissed the petition because it determined that all issues raised in the petition had previously been "presented and rejected by the Court and the Appellate Courts on direct review, and on post-conviction relief." *See* Utah Code Ann. § 78B–9–106(1)(b), (d) (LexisNexis 2012) (stating that a person is not eligible for relief if the issue raised in the petition was or could have been raised on direct appeal or in a previous petition for post-conviction relief). However, prior to dismissing the case, the district court failed to provide notice to Schwenke that it was considering dismissing the case based upon the procedural bar.

¶ 3 Utah Code section 78B–9–106(2)(b) states that "[a]ny court may raise a procedural or time bar on its own motion, provided that it gives the parties notice and an opportunity to be heard." *Id.* § 78B–9–106(2)(b). Because the record indicates that the district court dismissed the case based on a procedural bar, i.e., the issue had been adjudicated on direct appeal or in previous post-conviction petitions, Schwenke was entitled to notice and an opportunity to be heard as to whether his petition should have been dismissed on this ground.

¶ 4 Accordingly, the district court's order of dismissal is reversed. We remand this matter so the district court can afford Schwenke his notice and opportunity to be heard in accordance with Utah Code section 78B–9–106(2)(b).